Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| RABINDRANAUT RAMSAROOP AMRUD<br><br>RECURRENTE<br><br>v.<br><br>EX PARTE | TA2025AP00472[1] | *Apelación, acogida como Revisión Judicial,* procedente del Departamento de Salud, División de Vistas Administrativas, Oficina de Asesores Legales, San Juan, Puerto Rico<br><br>Caso Núm. DSCR-PRBGC-2025<br><br>Sobre: Reconsideración Certificado Ley 300 |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

## I.

El 23 de octubre de 2025, el señor Rabindranaut Ramsaroop Amrud (señor Ramsaroop Amrud o recurrente) presentó un *Recurso de Revisión* en el que nos solicitó que revoquemos la *Resolución Nunc Pro Tunc* emitida por Departamento de Salud (recurrida) el 5 de mayo de 2025, notificada y archivada en autos el mismo día.[2] Mediante esta, el Departamento de Salud ordenó al Programa Puerto Rico Background Check no expedir, a favor del recurrente, el certificado de cumplimiento con las disposiciones de la *Ley de Verificación de Credenciales e Historial Delictivo de Proveedores a*

---

[1] El identificador alfanumérico asignado al caso por la Secretaría corresponde a un recurso de Apelación, no obstante, se acogió el recurso como Revisión Judicial toda vez que se recurre de una determinación final de una agencia administrativa, siendo este el recurso adecuado como bien lo presentó el recurrente.
[2] Véase entrada núm. 14 del apéndice del recurso en el expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

*Niños, Personas con Impedimentos y Profesionales de la Salud,* Ley Núm. 300 de 2 de septiembre de 1999, según enmendada, 8 LPRA sec. 481 *et seq.* (Ley 300).

El 27 de octubre de 2025, emitimos una *Resolución* en la que le concedimos a la recurrida hasta el 24 de noviembre de 2025 para presentar su alegato en oposición.[3]

El 24 de noviembre de 2025, el Departamento de Salud, representado por la Oficina del Procurador General de Puerto Rico, presentó un *Alegato en Oposición* en el que solicitó que confirmemos la *Resolución* recurrida.[4]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención de la petición de revisión judicial.

**II.**

El caso de marras tuvo su génesis cuando el señor Ramsaroop Amrud solicitó una certificación de cumplimiento en virtud de la Ley 300, *supra.* Ello, como parte de los requisitos para renovar la licencia operacional de donde se desempeña como administrador. El 24 de enero de 2025, el Departamento de Salud, a través del Programa Puerto Rico Background Check, tras varios trámites procesales, emitió una Certificación de no cumplimiento con las disposiciones de la Ley 300, *supra,* al recurrente.[5] La misma indicó que la determinación se basa en los resultados obtenidos de las huellas dactilares registradas y enviadas al Buró Federal de Investigaciones, búsqueda en el sistema del Departamento de Justicia local, análisis realizados al validar la identidad del solicitante y la información provista por éste en la solicitud, entre otros.

---

[3] Íd., entrada núm. 5 del recurso.
[4] Íd., entrada núm. 6.
[5] Íd., entrada núm. 20 del apéndice del recurso.

Inconforme con el resultado, el 6 de febrero de 2025, el recurrente presentó una *Solicitud de Revisión Administrativa* ante la recurrida.[6] En resumen, expuso que el 26 de octubre de 2024, solicitó una verificación de antecedentes penales en cumplimiento con la Ley 300, *supra*, como parte del proceso de renovación de la licencia operacional de la facilidad de cuidado de personas envejecientes Casa de Salud del Este, en la que se desempeña como administrador. No obstante, el 24 de enero de 2025, recibió una certificación indicando que no cumplía con las disposiciones de dicha Ley. Mencionó, que tras ser acusado de conspiración para cometer fraude contra el programa *Medicare* tuvo una condena federal, la cual cumplió en su totalidad el 6 de noviembre de 2014, y entiende que es la razón de la denegatoria. Sostuvo, que los delitos por los cuales fue condenado no están relacionados con maltrato, ni abuso hacia menores o envejecientes. Adujo, además, que la negativa de la certificación afecta directamente la operación de Casa de Salud del Este dado que le han impedido completar el proceso de renovación de licencia.

El 8 de abril de 2025, el Departamento de Salud le envió al recurrente una contestación, con fecha del 20 de febrero de 2025.[7] En resumen, la recurrida resolvió lo que establece la Ley 300, *supra*, y los delitos que impiden la expedición de la certificación. La carta indica que, de la información recibida a través del Buró Federal de Investigaciones, el historial delictivo del recurrente refleja el delito de fraude, delito que se encuentra enumerado en el Artículo 4 de la Ley 300, *supra*, y que la agencia evalúa para emitir una certificación. Por lo cual, no se encontró evidencia de error que les mueva a emitir una certificación de credenciales e historial delictivo diferente a la

---

[6] Íd., entrada núm. 19.
[7] Íd., entrada núm. 18.

previamente emitida. La misiva, además, advirtió sobre el derecho del recurrente a solicitar revisión de dicha determinación.

El 23 de abril de 2025, el recurrente presentó una *Moción en Solicitud de Revisión de Incumplimiento en Certificación de Credenciales e Historial Delictivo* ante la Oficina de Asesores Legales.[8] Alegó que el delito por el cual fue convicto no implicó violencia, daño físico, ni abuso sexual contra menores, envejecientes o personas con impedimentos, así como tampoco se relaciona con delitos tipificados bajo el Registro de Personas Convictas por Delitos Sexuales ni el Registro de Corrupción. Arguyó, que el hecho de que se trate de una convicción federal ha tenido el efecto injusto de excluirlo del beneficio que otorga la ley estatal a personas que pueden solicitar la eliminación de su convicción del certificado de antecedentes penales. Sostuvo, que ese tratamiento desigual crea una distinción arbitraria entre personas convictas basada exclusivamente en el foro en que se procesó el delito y no en la naturaleza de éste ni en la rehabilitación del convicto. Manifestó, además, que la prohibición de la Ley 300, *supra*, a personas convictas por ciertos delitos, entre ellos el fraude y la conspiración, para desempeñarse como proveedores de cuidado a poblaciones vulnerables no debería ser automática ni absoluta.

El recurrente aludió a que, el delito por el cual fue imputado es de naturaleza económica y no violenta, que existe evidencia clara y convincente de su rehabilitación, reintegración social, servicio comunitario y ausencia de reincidencia. Por ello, alegó que la aplicación escrita e indiscriminada de las disposiciones legales de la Ley 300, *supra*, si considerar la rehabilitación, podría dar lugar a un resultado injusto, desproporcionado y contrario a la política pública del sistema penal.

---

[8] Íd., entrada núm. 17.

El 1 de mayo de 2025, notificada el 2 de mayo de 2025, el Departamento de Salud emitió una *Resolución*.[9] Mediante esta, luego de evaluar el informe de la Oficial Examinadora, ordenó al Programa Puerto Rico Background Check expedir un certificado de cumplimiento con las disposiciones de la Ley 300, *supra*, al señor Ramsaroop Amrud.

Sin embargo, el 5 de mayo de 2025, notificada el 6 de mayo de 2025, el Departamento de Salud emitió una *Resolución Nunc Pro Tunc*.[10] En esta, ordenó al Programa Puerto Rico Background Check, no expedir el certificado de cumplimiento con las disposiciones de la Ley 300, *supra*, al recurrente. La misma expuso que es política administrativa del Departamento de Salud velar por la salud y seguridad de las poblaciones más vulnerables y, que la comisión de delitos que afecten directa o indirectamente la prestación de servicios de salud representa una grave amenaza para el bienestar y la confianza de la comunidad.

El 27 de mayo de 2025, el recurrente presentó una *Moción de Reconsideración a Resolución Nunc Pro Tunc y/o Solicitud de vista*.[11] Alegó que la antedicha resolución fue emitida revirtiendo por completo la anterior sin ofrecer justificación alguna para dicha determinación y sin tomar en cuenta el informe de la Oficial Examinadora que recomendó la expedición del certificado. Adujo, que la denegatoria le impide ejercer su empleo dado que fue procesado en el foro federal, que de haber sido en el foro estatal hubiera tenido oportunidad de obtener el certificado. Arguyó que, desde el 2016 se desempeña como administrador de la institución dedicada al cuidado de adultos mayores y ha obtenido la referida

---

[9] Íd., entrada núm. 15.
[10] Íd., entrada núm. 14.
[11] Íd., entrada núm. 12.

certificación. Empero, señaló que la más reciente solicitud fue denegada por una convicción federal que cumplió.

El recurrente reiteró sus argumentos sobre que el delito por el cual fue condenado no es de naturaleza violenta ni involucró menores o adultos mayores ni constituye conducta depravada o inmoral. Además, manifestó que la recurrida le impuso una sanción desproporcionada que conlleva su desempleo inmediato y la interrupción de un servicio. Alegó que la resolución es improcedente ya que carece de fundamento jurídico para ser considerada *Nunc Pro Tunc* y que vulnera las garantías procesales del recurrente. Por último, adujo que la conducta posterior al delito cometido demuestra rehabilitación y compromiso, y que, aplicar la Ley mecánicamente para excluirlo conduce a un resultado injusto. Por ello, solicitó la restitución del certificado o la celebración de una vista administrativa.

El Programa Puerto Rico Background Check presentó una *Réplica a la Moción de Reconsideración a Resolución Nunc Pro Tunc,* fechada el 18 de julio de 2025.[12] Por su parte, arguyó que el recurrente no reúne los requisitos para obtener el certificado de cumplimiento conforme a las disposiciones de la Ley 300, *supra.* Aludió a que el delito por el cual fue convicto el recurrente invalida de forma automática la posibilidad de emitir la certificación solicitada.  También, adujo que la corrección de la resolución fue válida por emitirse inicialmente una determinación contraria a derecho. Por tales razones, solicitó que se declarara no ha lugar a la reconsideración.

El 23 de septiembre de 2025, el Departamento de Salud, a través de su Secretario, emitió una *Resolución.*[13] Luego de evaluar el informe presentado por la Oficial Examinadora, y al amparo de la

---

[12] Íd., entrada núm. 6.
[13] Íd., entrada núm. 3.

legislación aplicable, la agencia recurrida declaró No Ha Lugar la solicitud de reconsideración a la *Resolución Nunc Pro Tunc* presentada por el recurrente.

Inconforme, el señor Ramsaroop Amrud presentó el recurso de revisión judicial de epígrafe en el que formuló el siguiente señalamiento de error:

> **ERRÓ EL SECRETARIO DE SALUD AL INTERPRETAR Y APLICAR DE MANERA RÍGIDA LA LEY 300-1999, SIN EJERCER DISCRESIÓN NI CONSIDERAR EL DERECHO CONSTITUCIONAL A LA IGUAL PROTECCIÓN Y A LA REHABILITACIÓN, AL REVOCAR LA DETERMINACIÓN DE LA OFICIAL EXAMINADORA QUE RECONOCIÓ LA CONDUCTA EJEMPLAR Y REHABILITACIÓN DE PETICIONARIO.**

Alegó que la decisión de la agencia recurrida al denegar la certificación de cumplimiento es arbitraria, irrazonable e inconstitucional, bajo una interpretación automática y mecánica de la Ley 300, *supra*, y desnaturaliza su texto y finalidad. Sostuvo, que dicha determinación desatiende la evidencia sustancial que obra en el expediente administrativo, la cual demostraba la rehabilitación y buena conducta del recurrente. Adujo, que el Departamento de Salud ignoró las conclusiones de la Oficial Examinadora y se refugió en una lectura inflexible de la Ley 300, *supra*.

Asimismo, el recurrente arguyó que el listado del Artículo 4 de la Ley 300, *supra*, debe interpretarse de forma coherente con la finalidad protectora y no punitiva de dicha Ley, lo que exige un ejercicio razonado de discreción administrativa que tome en cuenta la rehabilitación, el historial de conducta y la ausencia de riesgo actual. También, argumentó que la distinción entre convicciones estatales y federales carece de conexión con el fin legítimo de la Ley 300, *supra*, de proteger a poblaciones vulnerables del maltrato y abuso, y la diferencia responde únicamente al foro judicial donde se ventiló la causa. Por lo anterior, solicitó que ordenemos la

expedición del certificado de cumplimiento conforme a la *Ley 300, supra.*

En respuesta, el 24 de noviembre de 2025, el Departamento de Salud presentó un *Alegato en Oposición.* Arguyó que la Ley 300, *supra,* no faculta a la agencia a emitir un certificado de cumplimiento cuando el solicitante no cumple con el requisito de buena conducta dispuesto en el Artículo 4 de dicha Ley, como lo es el caso del recurrente. Adujo, que el lenguaje del estatuto es claro y busca proteger a los menores, personas de edad avanzada e incapacitados de todo tipo de abuso, incluyendo la explotación financiera. Asimismo, sostuvo que el precitado artículo sobrevive el análisis constitucional. Alegó, además, que no existe conflicto alguno entre la intención legislativa de Ley Núm. 300, *supra,* y su texto como alegó el recurrente.

Pormenorizado el trámite procesal pertinente a la controversia, en adelante, consignamos el derecho aplicable.

**III.**

**A.**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.*, (LPAU) establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. La LPAU dispone que una parte adversamente afectada por una orden o resolución de una agencia puede acudir en *Revisión Judicial* al tribunal siempre y cuando haya agotado los remedios administrativos. ***Edward Simpson v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach***, 214 DPR 370, 378 (2024). Específicamente, la Sección 4.2 de la LPAU, *supra,* sec. 9672, dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta

(30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha ley (3 LPRA sec. 9655), cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

A tenor de esta Ley y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia se dio dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y razonable. ***Capó Cruz v. Junta de Planificación***, 204 DPR 581, 590-591 (2020); ***Rolón Martínez v. Supte. Policía***, 201 DPR 26, 35 (2018).

Así pues, la revisión judicial de una decisión administrativa se circunscribe a analizar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho realizadas por la agencia estuvieron sustentadas por prueba sustancial que surgió del expediente administrativo, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho fueron correctas. ***Otero Rivera v. Bella Retail Group, Inc.***, 214 DPR 473, 484-485 (2024); ***Rolón Martínez v. Supte. Policía***, supra, pág. 35-36.

Al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la <u>razonabilidad</u> en la actuación de la agencia. ***Rebollo v. Yiyi Motors,*** 161 DPR 69, 76 (2004). Cónsono con ello, será necesario determinar si la agencia actuó de forma arbitraria, ilegal o de manera tan irrazonable que su actuación constituyó un abuso de discreción. ***Rolón Martínez v. Supte Policía,*** supra; ***Rebollo v. Yiyi Motors,*** supra.

Por otro lado, la sección 4.5 de la LPAU dispone que, las determinaciones de hechos de las decisiones de las agencias se

mantendrán por el tribunal de basarse en evidencia sustancial que surja del expediente administrativo. LPAU, *supra,* sec. 9675. Es menester señalar que, las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. LPAU, *supra,* sec. 9675.

Ahora bien, cuando se trate de conclusiones de derecho que no envuelvan interpretaciones dentro del área de especialización de la agencia, éstas se revisarán por los tribunales sin circunscribirse al razonamiento que haya hecho la agencia. ***Capó Cruz v. Jta de Planificación et al.,*** supra; ***Pacheco v. Estancias,*** 160 DPR 409, 432 (2003); ***Rivera v. A & C Development Corp.,*** 144 DPR 450, 461 (1997).

Es norma reiterada de derecho que los foros revisores le concederán gran deferencia y consideración a las decisiones de las agencias administrativas, debido a la vasta experiencia y el conocimiento especializado sobre los asuntos que le fueron delegados. ***Graciani Rodríguez v. Garaje Isla Verde,*** 202 DPR 117, 126 (2019); ***Rolón Martínez v. Supte. Policía,*** supra.

Sin embargo, recientemente, el Tribunal Supremo, en ***Vázquez v. Consejo de Titulares***, 216 DPR ___ (2025), 2025 TSPR 56 (resuelto el 21 de mayo de 2025), haciendo eco de lo resuelto en ***Loper Bright Enterprises v. Raimondo***, 603 U.S. 369 (2024), dictaminó que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. De esa manera, enfatizó la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, supra. ***Vázquez v. Consejo de Titulares***, supra. Por ello, se pautó que será deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos, por los mecanismos interpretativos propios del Poder Judicial y no guiados por la deferencia automática. ***Vázquez v. Consejo de Titulares***, supra.

Por las razones antes aludidas, las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección. ***Capó Cruz v. Jta de Planificación et al.,*** supra, pág. 591; ***Rolón Martínez v. Supte. Policía,*** supra; ***García Reyes v. Cruz Auto Corp.,*** supra. La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. ***Misión Ind. P.R. v. J.P.,*** 146 DPR 64, 130 (1998).

La deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. ***Super Asphalt v. AFI y otros,*** 206 DPR 803, 819 (2021); ***Torres Rivera v. Policía de Puerto Rico,*** 196 DPR 606, 628 (2016).

Dichos procedimientos se distinguen del proceso judicial ordinario al promover la flexibilidad y proveer un mecanismo más económico para que la ciudadanía reclame sus derechos. ***Acarón et al. v. D.R.N.A.,*** 186 DPR 564, 583 (2012). No obstante, la flexibilidad e informalidad del proceso administrativo, es menester que los mismos cumplan con "las garantías mínimas que exige el debido proceso de ley, ya que las decisiones administrativas tienen el alcance de afectar los intereses propietarios o libertarios de las personas". *Íd.*

**B.**

La Ley Núm. 300, *supra*, estableció la política pública sobre protección social a nuestros niños y envejecientes que son sectores vulnerables de nuestra sociedad, para así estos puedan alcanzar una mejor calidad de vida. Artículo 2 de la Ley 300, *supra*. La misma no tiene un propósito punitivo, sino que pretende proteger la seguridad y bienestar de los sectores más vulnerables. Íd.

En lo pertinente a la controversia ante nuestra consideración, el Art. 4 de la Ley 300, *supra*, establece lo siguiente:

(a) **Ninguna persona podrá desempeñarse como proveedor de servicios de cuidado**, o centros de cuido, según definidos en las secs. 351 *et seq.* de este título, conocidas como "Ley de Establecimientos para Personas de Edad Avanzada", así como égidas, **casas de salud**, auspicio, salud en el hogar, **o cualquier otra modalidad que ofrezca servicios a personas de edad avanzada, niños o personas con impedimentos, ni podrá proveer tales servicios en la jurisdicción del Estado Libre Asociado de Puerto Rico, a menos que haya solicitado y obtenido previamente una certificación de que no aparece** registrada en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores creado mediante las secs. 535 *et seq.* del Título 4; ni en el Sistema de Información de Justicia Criminal creado mediante las secs. 531 *et seq.* del Título 4, **como convicta por ningún delito sexual violento o abuso contra menores, ni por ninguno de los delitos enumerados en este Artículo** y relacionados a las secs. 5001 *et seq.* del Título 33, conocidas como el "Código Penal de Puerto Rico", y a consecuencia aparezca con algún tipo de delito o haya presentado credenciales falsos según aparezca en el Informe del Sistema Integrado de Credenciales e Historial Delictivo (SICHDe) adscrito al Departamento de Salud. **El referido Registro incluirá aquellos casos en que la persona se haya declarado culpable en el foro estatal, federal o en cualquier otra jurisdicción de Estados Unidos de América**, por los siguientes:

[...]

(48) **Fraude**

[...]. (Énfasis nuestro).

La certificación de cumplimiento a la que se alude en el precitado artículo será expedida por el Sistema Integrado de Credenciales e Historial Delictivo (SICHDe) del Departamento de Salud. Artículo 6 de la Ley 300, *supra*. A esos efectos, el Secretario de Salud adoptará y promulgará un reglamento para poner en vigor las disposiciones de esta Ley relativas a la solicitud y expedición de dicha certificación. Íd. El mismo podrá requerir, entre otros, que el solicitante cumplimente un formulario con información detallada y provea una fotografía reciente de su persona y muestras de sus huellas dactilares. Íd.

La certificación de SICHDe será requisito para toda persona vinculada a la provisión de servicios a niños, personas de edad avanzada y personas con impedimentos a partir de la aprobación de esta Ley. Artículo 7 de la Ley 300, *supra*. También, será requisito para los que al momento de que se aprobó la Ley se encontraran proveyendo estos servicios. Íd.

En virtud de lo anterior, el Departamento de Salud creó el Reglamento del Sistema Integrado de Credenciales e Historial Delictivo del Departamento de Salud, Reglamento Núm. 9030 de 29 de mayo de 2018 (Reglamento núm. 9030).

**IV.**

En el presente caso, nos corresponde determinar si el Departamento de Salud erró al denegarle el certificado de cumplimiento conforme a la Ley 300, *supra*, al recurrente por este incumplir con los criterios para su expedición.

El recurrente alegó que la agencia recurrida, al denegar dicha expedición, actuó de manera arbitraria, irrazonable y en violación a sus protecciones constitucionales. Sostuvo, que la aplicación literal y rígida de la Ley 300, *supra*, resulta contraria a los principios constitucionales de igual protección de las leyes, rehabilitación y razonabilidad administrativa. A su juicio, el propósito de dicha Ley

es proteger el acceso a poblaciones vulnerables de individuos que hayan cometido delitos de naturaleza sexual, violencia física, psicológica o actos que revelen una tendencia peligrosa o una depravación moral relacionada directamente con riesgo de abuso o maltrato. Adujo que muchos de los delitos enumerados, incluyendo el delito de fraude, no implican un riesgo directo o inherente de maltrato, abuso sexual o físico hacia menores, envejecientes o personas con impedimentos.

En cambio, la recurrida arguyó que la convicción federal por uno de los delitos que contempla el Artículo 4 de la Ley Núm. 300, *supra*, opera como impedimento para dar servicios de cuidado a adultos mayores, y es una medida razonable para adelantar el interés del Estado de proteger la seguridad y bienestar de estas poblaciones vulnerables. Además, señaló que el recurrente no presentó evidencia alguna que demostrara que la información obtenida por el Programa Puerto Rico Background Check era errónea.

Por su parte, alegó que la Ley 300, *supra*, limita la capacidad de la agencia de emitir una certificación de que el solicitante no aparece registrado en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, ni en el Sistema de Información de Justicia Criminal por delitos "sexual violento o abuso contra menores, ni por ninguno de los delitos enumerados en este Artículo", el cual incluye fraude, ni puede la agencia crear una excepción no contemplada por el legislador.

Sabido es que la revisión de una decisión administrativa se circunscribe a analizar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho realizadas por la agencia estuvieron sustentadas por prueba sustancial que surgió del expediente administrativo, y (3) si, mediante una revisión completa y absoluta, las conclusiones de

derecho fueron correctas. ***Rolón Martínez v. Supte. Policía***, supra, pág. 35-36.

En el caso de marras, la recurrida denegó la expedición de la certificación de cumplimiento luego de una evaluación de las disposiciones de la Ley 300, *supra*, y el informe preparado por la Oficial Examinadora. Surge del *Informe de la Oficial Examinadora* que obra en el expediente ante nuestra consideración que, de la investigación surgió que el recurrente fue convicto por el delito de fraude en el foro federal. Aun cuando mencionó que existe un mecanismo que permite la eliminación de antecedentes penales en el foro local, con el objetivo de facilitar la reintegración laboral de personas que han cumplido su condena, el mismo no está disponible para el recurrente dado que fue convicto en el foro federal. Por ello, concluyó que la ley es clara y especifica y no permite la posibilidad de una interpretación discrecional por el Secretario de Salud, impidiendo que expida una certificación de cumplimiento a favor del recurrente. Ante ello, recomendó no expedir el certificado solicitado.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, y a la luz de los criterios esbozados en la LPAU y la jurisprudencia aplicable, determinamos que corresponde confirmar la *Resolución* recurrida.

El Artículo 4 de la Ley 300, *supra*, es claro al enumerar los delitos que impiden que el Departamento de Salud expida una certificación de cumplimiento a una persona convicta por alguno de ellos para que pueda desempeñarse como proveedor de servicios de cuidado u ofrecer servicios a personas de edad avanzada, niños o personas con impedimentos. Este limita al Departamento de Salud a emitir un certificado de cumplimiento conforme a los criterios de dicha Ley, si el solicitante ha sido convicto por alguno de los delitos allí enumerados, ya sea en el foro estatal o federal. Íd.

Por tanto, es forzoso concluir que, en el caso de marras, la recurrida está impedida de expedir el certificado solicitado por el recurrente ya que este fue convicto por fraude en el foro federal, delito **incluido** en dicho listado. La persona no puede haber sido convicta por los delitos enumerados en la Ley precedentemente referida, dentro de los que se encuentra el delito de fraude. Adviértase, que se trata de una limitación legal que tiene la agencia y no de una evaluación sobre la rehabilitación del recurrente.

Por lo cual, resolvemos que la determinación del Departamento de Salud fue razonable y conforme a lo dispuesto en la Ley 300, *supra.* La recurrida no tiene discreción para actuar de otra manera.

Así, en virtud de todo lo anterior, corresponde confirmar la Resolución recurrida, toda vez que es correcta en derecho.

**V.**

Por los fundamentos pormenorizados, se confirma la *Resolución Nunc Pro Tunc* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones